UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTINE ANN HOHENSTEIN,

      Plaintiff,

  v.                                          Case No. 18-cv-1943-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed and does not have any children she is responsible for supporting. Dkt. No. 2 at 1. She states that she is married and that her spouse's monthly income is $1,615. Id. at 1-2. The couple's listed expenses total $1,330 per month. Id. at 2-3. They own two cars, with a combined value of $2,800, a

1

home with an equity balance of $2,000 and $100 in a checking or savings account, but no other property of value. Id. at 3-4. The plaintiff states that she has been unable to work for four years, and that her loss of income "has resulted in a great hardship on [her] family, who depended on [her] income to pay for regular monthly expenses," and that "having to pay the filing fee would be a tremendous financial burden on [her] family." Id. at 4. The court concludes that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges:

> The decision [denying benefits] lacks substantial evidence because of the failure to understand and credit my severe fibromyalgia. The decision found moderate concentration persistence and pace but only found limitation to simple tasks. The decision relies too much on my alleged normal activities of daily living in finding me not disabled. The ALJ failed to recontact my treating doctor before failing to give proper weight to his opinions of my functioning.

2

Dkt. No. 1 at 3.

At this early stage, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**