CHRISTINE ANN HOHENSTEIN,

        Plaintiff,

   v.                                                  Case No. 18-cv-1943-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD UNDER THE EQUAL ACCESS TO JUSTICE ACT (DKT. NO. 43)**

On December 8, 2018, the plaintiff filed her appeal, seeking review of the defendant's denial of her Social Security application. Dkt. No. 1. On March 4, 2021, the court reversed the Commissioner's decision and ordered that the case be remanded under sentence four of 42 U.S.C. §405(g). Dkt. Nos. 39, 40. Roughly two weeks later, the defendant filed a motion to alter judgment. Dkt. No. 42. The plaintiff did not respond to the motion, but the court did not promptly rule on it. Two and a half months later, the plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), requesting $12,260. Dkt. No. 43. The defendant responded to the motion, opposing it as premature based on the pending motion to alter the judgment. Dkt. No. 44. The court subsequently denied the motion to alter judgment, dkt. no. 45, and ordered the defendant to file another response to the plaintiff's motion for EAJA

1

fees, dkt. no. 46. The defendant filed her response on July 1, 2022, dkt. no. 48, and the plaintiff filed her reply four days later, dkt. no. 49.

The defendant opposes the plaintiff's motion for EAJA fees based on what she calls a "woefully inadequate" itemization of hours. Dkt. No. 48 at 1. The defendant insists that the itemization is "nearly impossible to decipher and does not reflect contemporaneous time-keeping." Id. She compares the time sheets to those submitted by the same counsel in another case, Vienola v. Kijakazi, Case No. 21-cv-773-JPS (E.D. Wis.), in which Judge Stadtmueller reduced the fees by about 20% because of counsel's timekeeping sheet. Id. The court notes that the plaintiff's counsel in Vienola conceded in his reply brief that a fifty-five-minute telephonic meet and confer listed on his timesheet never occurred and opted to remove it from the calculation. Id. at 3.

The EAJA requires "an itemized statement from any attorney . . . appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). In support of her argument that the plaintiff must provide a "contemporaneous time record," the defendant cites Cordell v. Colvin, No. 1:14CV109, 2015 WL 4093344, *2 (N.D. Ind. July 7, 2015). Dkt. No. 48 at 3, 9. That district court decision indicates that the Commissioner extrapolated the "contemporaneous time records" requirement from language in the EAJA that requires counsel to submit an itemized statement of the "actual time expended." Cordell, 2015 WL 4093344 at *1 (quoting 28 U.S.C. §2412(d)(1)(B)). That court went on to discuss the fact that the plaintiff's attorney in that case had "run into significant

2

trouble in the Southern District of Indiana" because he submitted "identical or nearly identical affidavits for each" Social Security appeal, "regardless of the complexity or actual time spent on the case." Id. The Commissioner had compiled a chart showing almost identical billings in twenty-eight cases. Id. The plaintiff's counsel admitted that he had estimated his time. Id. at *2. The court stated, "[t]his court, like the Southern District of Indiana, is uncomfortable with awarding attorney fees based on anything other than a contemporaneous time record." Id.

Several times, the defendant compares the plaintiff's counsel's time submission in this case to counsel's submission in Vienola. The defendant says that the numbers on counsel's timekeeping sheet in the present case do not add up. Counsel lists 900 minutes for the "TOTAL RECORD," while the individual entries only add up to 850 minutes. Dkt. No. 48 at 3. The defendant also notes "the entry . . . that begins 'ISSUE II – The Defendant fails to…' only contains one internal entry of 45 minutes, yet the total for that paragraph is 80 minutes." Id. The defendant also states that the plaintiff is asking for compensation for a total of 3,680 minutes of work, but that the defendant "cannot decipher where the numbers come from for the case as a whole. That is to say, it is impossible to tell what numbers were added to equal 3,680 minutes." Id. Finally, the defendant argues that counsel's itemization "almost reads as if it was created after-the-fact while counsel reviewed the completed brief." Id. at 6.

3

In his reply brief, counsel first tries to build an argument based on this district's "Procedures in Social Security Disability Appeals United States Court Eastern District of Wisconsin," which state,

> The parties are encouraged to resolve any requests for payment under the Equal Access to Justice Act (EAJA) informally. Plaintiff's counsel is encouraged to make an informal request for fees prior to filing a motion for fees with the court. Informal requests should be directed to the Regional Chief Counsel and should be supported by the assignment agreement as well as a detailed itemization of all attorney's fees. If the parties resolve the EAJA fees matter without further litigation, plaintiff's counsel should file the fee stipulation and proposed order and supporting documents.

Dkt. No. 49 at 2.

Counsel presumes that the U.S. Attorney's Office in the Eastern District of Wisconsin has made "an unspoken change to this express and longstanding policy," although he never describes the basis for this presumption, discussing only anecdotal evidence of his experience attempting to negotiate EAJA fees and asserting, without support, that the defendant has appointed a single attorney to litigate all EAJA fees. Id. at 2-3.

Counsel then responds to some of the defendant's allegations. He asserts that the time sheet properly explains how his time was spent regarding record review, stating that the "express entry for record review and notes was 900 minutes (no math required!)." Id. at 3. Counsel is correct, but it is the format of the timesheet that is responsible for the confusion. After spending considerable time working to decipher counsel's timesheet, and with no explanation from counsel, the court thinks it has identified the source of the defendant's misunderstanding. Halfway down the first page of the time sheet, under a

4

section titled "Record Notes," the plaintiff's counsel lists the "TOTAL RECORD" as 900 minutes. Dkt. No. 43-1 at 1. But there are six time entries that appear *before* that notation, and it appears that none of the time reflected in those entries is included in the 900-minute "total record" amount. Id. The court's math indicates that counsel spent 850 minutes on the six tasks listed above the "total record" amount. Id. The "total record" reference to 900 minutes appears to relate to the time it took counsel to review the entire record. Id. More time entries appear after the "total record" entry for 900 minutes—almost three more pages of time entries. While the next three pages are filled with numbers, only some of them are bolded—these appear to be the total number of minutes spent on certain tasks. If one adds up *all* those **bolded** time entries—850 minutes for the first half of the first page, the 900 minutes for the "total record" review" and all the time entries on the next three pages—the total comes to 3,680 minutes—the amount of time counsel lists as the "total time" on the last page. Id. at 4.

    The plaintiff's counsel's timekeeping methods are, at best, confusing. At one point he does not include dates indicating when work was performed. At another he lumps all his amounts (all ending in multiples of five) into one string with hyphens, burdening the defendant (and the court) with figuring out how his recorded times match up.

    But the confusing time entries in this case are not qualitatively the same as the errors counsel committed in Vienola. The defendant has not asserted in this case that the plaintiff's counsel has billed for work he did not do. Defense

5

counsel has not challenge the time the plaintiff's counsel asserts that he spent on each task. Although the defendant questions the fashion in which the plaintiff's counsel recorded the time, defense counsel has presented no evidence of impropriety. The court will not presume impropriety based on the confusing structure of the time sheet, and will not make any deductions from counsel's EAJA fee request.

The court **GRANTS** the plaintiff's motion for award under the EAJA. Dkt. No. 43.

The court **ORDERS** that the defendant must pay to the plaintiff an award of attorneys' fees and expenses in the amount of $12,260 in full satisfaction and settlement of any and all claims the plaintiff may have in this case under EAJA. The court awards these fees and expenses to the plaintiff, not the plaintiff's attorney, and under Astrue v. Ratliff, 560 U.S. 586 (2010), the United States may offset the award to satisfy pre-existing debts that the litigant owes to the United States.

If counsel for the parties verify that the plaintiff owes no pre-existing debt subject to offset, the defendant must direct that the award be made payable to the plaintiff's attorney, under the EAJA assignment signed by the plaintiff and counsel.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**